1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10
11  SECURITIES AND EXCHANGE COMMISSION,)
                                       )        2:08-CV-2252-GEB-DAD
12               Plaintiff,            )
                                       )
13        v.                           )        FINAL JUDGMENT AS TO
                                       )        DEFENDANTS MATTHEW A.
14  MATTHEW A. SARAD, JEREMY D. JOBE,  )        SARAD, JEREMY D. JOBE AND
    AND TELOMOLECULAR CORP.,           )        TELOMOLECULAR CORP.
15                                     )
                 Defendants.           )
16  _____)

17          The Securities and Exchange Commission has entered into

18  agreements with each defendant and filed proposed partial judgments

19  resolving the action against defendant; the Securities and Exchange

20  Commission requests that partial judgments be entered against each

21  defendant under Rule 54(b) of the Federal Rules of Civil Procedure.

22  However, it has not been shown that partial judgments under Rule

23  54(b) are necessary; therefore, a single judgment will be entered

24  in accordance with the Consents of Matthew A. Sarad, Jeremy D. Jobe

25  and Telomolecular Corp., filed on September 25, 2008.

26          **FINAL JUDGMENT AS TO MATTHEW A. SARAD**

27          The Securities and Exchange Commission having filed a

28  Complaint and Defendant Matthew A. Sarad having entered a general

appearance; consented to the Court's jurisdiction over Defendant
and the subject matter of this action; consented to entry of this
Final Judgment as to Matthew A. Sarad ("Final Judgment") without
admitting or denying the allegations of the Complaint (except as to
jurisdiction); waived findings of fact and conclusions of law; and
waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that
Defendant Matthew A. Sarad and Defendant's agents, servants,
employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final
Judgment by personal service or otherwise are permanently
restrained and enjoined from violating, directly or indirectly,
Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange
Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder
[17 C.F.R. § 240.10b-5], by using any means or instrumentality of
interstate commerce, or of the mails, or of any facility of any
national securities exchange, in connection with the purchase or
sale of any security:

    (a)   to employ any device, scheme, or artifice to defraud;

    (b)   to make any untrue statement of a material fact or to
omit to state a material fact necessary in order to make the
statements made, in the light of the circumstances under which
they were made, not misleading; or

    (c)   to engage in any act, practice, or course of business
which operates or would  operate as a fraud or deceit upon any
person.

II.

1   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
2   Defendant Matthew A. Sarad and Defendant's agents, servants,
3   employees, attorneys, and all persons in active concert or
4   participation with them who receive actual notice of this Final
5   Judgment by personal service or otherwise are permanently
6   restrained and enjoined from violating Section 17(a) of the
7   Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]
8   in the offer or sale of any security by the use of any means or
9   instruments of transportation or communication in interstate
10  commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue
statement of a material fact or any omission of a material
fact necessary in order to make the statements made, in light
of the circumstances under which they were made, not
misleading; or

(c)   to engage in any transaction, practice, or course of
business which operates or would operate as a fraud or deceit
upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendant Matthew A. Sarad and Defendant's agents, servants,
employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final
Judgment by personal service or otherwise are permanently
restrained and enjoined from violating Section 5 of the Securities

Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Matthew A. Sarad is prohibited, for five years following the date of entry of this Final Judgment, from acting as

an officer or director of any issuer that has a class of securities
registered pursuant to Section 12 of the Exchange Act [15 U.S.C.
§ 78l] or that is required to file reports pursuant to Section
15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendant Matthew A. Sarad is liable for a civil penalty in the
amount of $100,000 pursuant to Section 20(d) of the Securities Act
[15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15
U.S.C. § 78u(d)].  Defendant shall satisfy this obligation by
paying $100,000, plus post-judgment interest, pursuant to the terms
of the payment schedule set forth in paragraph VI. below by
certified check, bank cashier's check, or United States postal
money order payable to the Securities and Exchange Commission.  The
payment shall be delivered or mailed to the Office of Financial
Management, Securities and Exchange Commission, Operations Center,
6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312,
and shall be accompanied by a letter identifying Matthew A. Sarad
as a defendant in this action; setting forth the title and civil
action number of this action and the name of this Court; and
specifying that payment is made pursuant to this Final Judgment.
Defendant shall provide a copy of the payment and letter to Marc J.
Fagel, Regional Director, Securities and Exchange Commission, 44
Montgomery Street, Suite 2600, San Francisco, CA 94104.  Defendant
shall pay post-judgment interest on any delinquent amounts pursuant
to 28 U.S.C. § 1961.  The Commission shall remit the funds paid
pursuant to this paragraph to the United States Treasury.

1                                          VI.

2              Matthew A. Sarad shall pay $101,175 in two installments

3    according to the following schedule:  (1) $50,000 within 10 days of

4    entry of this Final Judgment; (2) $51,175, consisting of penalty of

5    $50,000 and post-judgment interest of $1,175, within 365 days of

6    the entry of this Final Judgment.

7              If Matthew A. Sarad fails to make any payment by the date

8    agreed and/or in the amount agreed according to the schedule set

9    forth above, all outstanding payments under this Final Judgment,

10   including post-judgment interest, minus any payments made, shall

11   become due and payable immediately without further application to

12   the Court.

13                                         VII.

14             IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

15   Consent of Matthew A. Sarad is incorporated herein with the same

16   force and effect as if fully set forth herein, and that Defendant

17   shall comply with all of the undertakings and agreements set forth

18   therein.

19                   **FINAL JUDGMENT AS TO JEREMY D. JOBE**

20             The Securities and Exchange Commission having filed a

21   Complaint and Defendant Jeremy D. Jobe having entered a general

22   appearance; consented to the Court's jurisdiction over Defendant

23   and the subject matter of this action; consented to entry of this

24   Final Judgment as to Jeremy D. Jobe ("Final Judgment") without

25   admitting or denying the allegations of the Complaint (except as to

26   jurisdiction); waived findings of fact and conclusions of law; and

27   waived any right to appeal from this Final Judgment:

28

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that
Defendant Jeremy D. Jobe and Defendant's agents, servants,
employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final
Judgment by personal service or otherwise are permanently
restrained and enjoined from violating Section 5 of the Securities
Act of 1933 [15 U.S.C. § 77e] by, directly or indirectly, in the
absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a
       security, making use of any means or instruments of
       transportation or communication in interstate commerce or
       of the mails to sell such security through the use or
       medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a
       security, carrying or causing to be carried through the
       mails or in interstate commerce, by any means or
       instruments of transportation, any such security for the
       purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation
       or communication in interstate commerce or of the mails
       to offer to sell or offer to buy through the use or
       medium of any prospectus or otherwise any security,
       unless a registration statement has been filed with the
       Commission as to such security, or while the registration
       statement is the subject of a refusal order or stop order
       or (prior to the effective date of the registration

statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jeremy D. Jobe and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o(a)] by effecting transactions in or inducing or attempting to induce the purchase or sale of securities while not registered with the Commission as a broker or dealer or associated with an entity registered with the Commission as a broker-dealer.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jeremy D. Jobe is liable for disgorgement of $250,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $15,988, for a total of $265,988.  Based on Defendant's sworn representations in his Statement of Financial Condition dated July 2, 2008, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of the disgorgement and pre-judgment interest thereon is waived.  The determination not to impose a civil penalty and to waive payment of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness

of Defendant's Statement of Financial Condition.  If at any time

following the entry of this Final Judgment the Commission obtains

information indicating that Defendant's representations to the

Commission concerning his assets, income, liabilities, or net worth

were fraudulent, misleading, inaccurate, or incomplete in any

material respect as of the time such representations were made, the

Commission may, at its sole discretion and without prior notice to

Defendant, petition the Court for an order requiring Defendant to

pay the disgorgement, pre-judgment and post-judgment interest

thereon, and the maximum civil penalty allowable under the law.  In

connection with any such petition, the only issue shall be whether

the financial information provided by Defendant was fraudulent,

misleading, inaccurate, or incomplete in any material respect as of

the time such representations were made.  In its petition, the

Commission may move this Court to consider all available remedies,

including, but not limited to, ordering Defendant to pay funds or

assets, directing the forfeiture of any assets, or sanctions for

contempt of this Final Judgment.  The Commission may also request

additional discovery.  Defendant may not, by way of defense to such

petition:  (1) challenge the validity of the Consent of Jeremy D.

Jobe or this Final Judgment; (2) contest the allegations in the

Complaint filed by the Commission; (3) assert that payment of

disgorgement, pre-judgment and post-judgment interest or a civil

penalty should not be ordered; (4) contest the amount of

disgorgement and pre-judgment and post-judgment interest;

(5) contest the imposition of the maximum civil penalty allowable

9

under the law; or (6) assert any defense to liability or remedy,
including, but not limited to, any statute of limitations defense.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
Consent of Jeremy D. Jobe is incorporated herein with the same
force and effect as if fully set forth herein, and that Defendant
shall comply with all of the undertakings and agreements set forth
therein.

**FINAL JUDGMENT AS TO TELOMOLECULAR CORP.**

The Securities and Exchange Commission having filed a
Complaint and Defendant Telomolecular Corp. having entered a
general appearance; consented to the Court's jurisdiction over
Defendant and the subject matter of this action; consented to entry
of this Final Judgment as to Telomolecular Corp. ("Final Judgment")
without admitting or denying the allegations of the Complaint
(except as to jurisdiction); waived findings of fact and
conclusions of law; and waived any right to appeal from this Final
Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that
Defendant Telomolecular Corp. and Defendant's agents, servants,
employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final
Judgment by personal service or otherwise are permanently
restrained and enjoined from violating, directly or indirectly,
Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange

Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)  to employ any device, scheme, or artifice to defraud;

    (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)  to engage in any act, practice, or course of business which operates or would  operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Telomolecular Corp. and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)  to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact  or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Telomolecular Corp. and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the

purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation

or communication in interstate commerce or of the mails

to offer to sell or offer to buy through the use or

medium of any prospectus or otherwise any security,

unless a registration statement has been filed with the

Commission as to such security, or while the registration

statement is the subject of a refusal order or stop order

or (prior to the effective date of the registration

statement) any public proceeding or examination under

Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent of Telomolecular Corp. is incorporated herein with the same

force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth

therein.

///

///

///

///

///

///

///

13

**CONCLUSION APPLICABLE TO EACH FINAL JUDGMENT**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

The Clerk of Court shall enter Judgment in accordance with the above final judgments, and close this action.

September 30, 2008

GARLAND E. BURRELL, JR.
United States District Judge